# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Elizabeth Hyland,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>First Portfolio Ventures I, LLC,<br><br>　　　　Defendant. | Civil File No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

1. This lawsuit arises from unlawful collection attempts by the Defendant.

2. The causes of action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a).

4. The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

5. The FDCPA focuses on the conduct of the debt collector and not on the merits of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals from whom debt collectors seek payment are defined as "consumers." 15 U.S.C. § 1692a.

6. When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by, among other things, proscribing its use of: (a) false, deceptive, or misleading means or representations; and (b) unfair or unconscionable means. 15 U.S.C. §§ 1692e, and 1692f.

7. Each of those Sections contain a list of specific *per se* violations that Congress has determined "are violations" of the FDCPA.

8. The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages.

9. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited to no more than $1,000.

10. Congress intended the FDCPA to be self-enforcing by private attorney generals. *See* S. Rep. No. 95-382 p.5 (describing FDCPA as "self-enforcing"); *see also Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991); *Armstrong v. Rose Law Firm, P.A.*, 2002 U.S. Dist. LEXIS 16867, *4 (D. Minn. 2002).

11. "'Unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important * * * rights that cannot be valued solely in monetary terms,' *City of Riverside v. Rivera*, 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466, (1986), and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995) (bracket and ellipses in original).

## JURISDICTION

12. This Court's jurisdiction arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

13. This action arises out of Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

14. Venue is proper in this District because the acts and transactions at issue occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

15. Plaintiff Elizabeth Hyland is a natural person and a resident of Minnesota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant First Portfolio Ventures I, LLC ("FPV") is a Delaware limited liability company headquartered in Peachtree Corners, Georgia, that engages in debt collection activity in Minnesota.

17. FPV purchases allegedly defaulted debts to collect from consumers; the debts FPV purchases are allegedly in default when FPV purchases them, and were incurred or allegedly incurred by the consumers for personal, family, or household purposes.

18. Despite engaging in debt collection activity against Minnesota consumers, FPV lacks the required collection agency license from the Minnesota Department of Commerce. *See* Minn. Stat. § 332.33.

19.     FPV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because FPV uses instrumentalities of interstate commerce and/or the mails in a business the principal purpose of which is the collection of debts. In addition, on information and belief, FPV regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20.     The principal purpose of FPV is the collection of debts. More than half of its revenues are derived from debt collection and, in this case, FPV filed a lawsuit against Plaintiff to collect on the alleged debt.

## FACTS

21.     FPV attempted to commence a debt-collection lawsuit against Plaintiff through service of a Summons and Complaint. FPV filed the summons and complaint in Mower County District Court on September 18, 2020, where it was assigned case number 50-cv-20-1876.

22.     The alleged debt forming the basis for the lawsuit constituted an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services that were the subject of the transaction were primarily for personal, family, or household purposes. As such, the alleged obligation is a "debt" as defined in 15 U.S.C. § 1692a(5).

23. The Summons that Defendant served on Plaintiff and filed with the Court on September 18, 2020, contained the following language: "You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You ***must*** send a copy of your Answer to the Attorney ***at the address listed below***." (emphasis added)

24. While the attorney signature on the summons is entirely indecipherable, the only two attorney names appearing beneath the signature on the Summons are Tyler Siewert and Maggi Ihland, and the only address provided for them is 1915 N Kavaney Dr. Ste 2, Bismarck, ND 58501. The Summons does not contain any Minnesota address.

25. The Summons further states that "YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS."

26. The statements in the Summons were false and contrary to Minnesota law as it existed when the Summons was served and filed. Minn. R. Civ. P. 4.01[1] ("The summons shall state the name of the court and the names of the parties, be subscribed by the plaintiff or by the plaintiff's attorney, ***give an***

---

[1] The Rule was subsequently amended.

***address <u>within the state</u> where the subscriber may be served in person and by mail***, state the time within which these rules require the defendant to serve an answer, and notify the defendant that if the defendant fails to do so judgment by default will be rendered against the defendant for the relief demanded in the complaint.") (emphasis added).

27. Plaintiff was actually confused by FPV's false statement.

28. A court in Minnesota vacated a judgment that a different debt collector had obtained using a similarly defective summons, holding that the summons was not only deficient as a matter of Minnesota law but also "misleading" to the consumer. *See Portfolio Recovery Associates, LLC v. Sonji Wiley*, Hennepin County Case No. 27-cv-19-21436. A copy of the order is attached as Exhibit A.

29. The *Wiley* Court subsequently dismissed the case based upon the defective summons. A copy of the Order is attached as Exhibit B.

30. Similarly, on July 31, 2020, the Minnesota state court granted Felicia Yang's motion to dismiss a complaint against Ms. Yang based upon the false statement in another similarly defective summons. *See Portfolio Recovery Associates, LLC v. Felicia Yang*, Hennepin County Case No. 27-cv-20-702.

31. A copy of the July 31, 2020 *Yang* Order is attached as Exhibit C.

32. The *Yang* Court held that "[b]ecause the Rule requires that the Summons provide a Minnesota address for service by mail on the subscriber, this Summons is insufficient under Rule 4.01." *Id.*

33. The *Yang* Court also held that "Here, in contrast, the defect involved supplying Ms. Yang with **incorrect information** regarding how to respond to the Complaint." *Id.* (emphasis added).

34. A third Hennepin County State Court held that the summons was defective in *Portfolio Recovery Associates, LLC v. Melissa Becker*, Hennepin County Case No. 27-cv-20- 2936.

35. The *Becker* Court held that: "Clearly, the summons in this case failed to comply with Minn. R. Civ. Pro. 4.01."

36. The *Becker* Court also held that:

> Specifically, the summons in this case contains uncertain and misleading information in that Defendant "must send a copy of [her] Answer to the person who signed this summons located at: PO Box 2427, Fargo, ND 58108-2427." ***This uncertain and misleading instruction***, coupled with the confusing stand-alone "service" references on the lower left hand side of the summons ***hinders Defendant's ability to answer and defend in this case.*** (emphasis added).

37. A copy of the *Becker* Order is attached as Exhibit D.

8

38. A fourth Hennepin County State Court held that a summon requiring service to a North Dakota address was defective in *Portfolio Recovery Associates, LLC v. Dominique Mayfield*, Hennepin County Case No. 27-cv-20-458.

39. The *Mayfield* Court held that: "The Court concludes that the summons issued in this case does not comply with the requirement of Rule 4.01 that the defendant be directed to serve the answer at an address withing the State of Minnesota, and therefore it is defective."

40. A copy of the *Mayfield* Order is attached as Exhibit E.

41. In federal court, a similarly defective summons was found to violate the Fair Debt Collection Practices Act as a matter of law in four recent Minnesota cases. *See Portfolio Recovery Associates, LLC v. Wiley et al.*, 2021 U.S. Dist. LEXIS 37230, *5 (D. Minn. March 1, 2021); *Mayfield v. Portfolio Recovery Associates, LLC*, 2021 U.S. Dist. LEXIS 148847, *17 - 18 (D. Minn. August 9, 2021). The *Wiley et al.* and *Mayfield* Orders are attached as Exhibits F and G.

42. On September 18, 2021, FPV also filed a document entitled, "Affidavit of No Answer, Identification, and Non-Military Status." In this pleading, FPV references the "service of the Summons and Complaint" on Ms. Hyland, even though the fatal defects in the Summons rendered any such service ineffective. This statement was false and misleading.

43. The same day, FPV filed a document entitled, "Findings of Fact Conclusions of Law and Order for Judgment." In this document, FPV urges the Court to hold, falsely, that "The Court finds that the Summons and Complaint have been served upon the defendant(s) in accordance with the laws of the state of Minnesota."

44. The same day FPV also filed a document entitled, "Judgment," again urging the Court to falsely hold that "the Summons and Complaint in this action having been duly served upon the defendant (s)...."

45. In the Complaint filed with the Summons, FPV alleged that "Defendant (s) opened and received an account with BARCLAY'S BANK DELAWARE referred to as #XXXXXXXXXXX5506 under and pursuant to a credit agreement and made credit purchases pursuant to said agreement," and that $7,214.39 was "currently due and owing."

46. FPV further alleges in the complaint that "BARCLAY'S BANK DELAWARE assigned all of its rights, title and interest in the above referenced account to [FPV].  [FPV] is now the assignee and successor in interest to account #XXXXXXXXXXX5506."  Another document filed by FPV on September 18, 2020, entitled Affidavit of Merit, includes a sworn statement by a representative of FPV that Ms. Hyland owes $7,214.39 for a "BARCLAY'S BANK DELAWARE" account ending in 5506.

47. According to FPV's own documents, however, Barclay's Bank Delaware never issued Ms. Hyland an account ending in 5506, nor did FPV ever acquire an account ending in 5506.

48. Moreover, according to FPV's own documents, Barclay's Bank Delaware never assigned anything to FPV.

49. FPV's documents purporting to support the allegations in the Complaint, even if they were admissible evidence, suggest only that FPV received an account relating to Ms. Hyland on which the "original creditor" was not Barclay's Bank Delaware but "CreditShop Credit Card Company, LLC."

50. Thus, the Complaint and accompanying filings are replete with materially false, misleading, and confusing representations concerning the alleged debt, including the representation that Ms. Hyland opened a credit account with Barclay's Bank Delaware with an account number that ended in 5506, and that Barclay's Bank Delaware assigned such an account, or even any account whatsoever, to FPV.

51. In fact, FPV's documents show that FPV lacked standing to sue Ms. Hyland on the alleged debt identified in the Complaint.

52. FPV's complaint attempts to reduce a complex series of transactions, involving multiple parties and documents, to a simple transfer of an alleged debt

from one entity to another. This action involved multiple material misrepresentations.

53. On information and belief, FPV did so in order to hinder the consumer's ability to defend against the debt by dissuading the consumer from questioning FPV's ownership of the alleged debt.

54. The result of FPV's false and misleading statements was entry of a default judgment against Ms. Hyland on September 18, 2020, in the amount of $7,799.39.

*FDCPA Violations*

55. FVP's failure to comply with the Rule requiring a Minnesota address, and its false statement that Ms. Hyland ***must*** serve her answer to a North Dakota address, violates Minn. R. Civ. P. 4.01 and constitutes a violation of 15 U.S.C. § 1692f(1). *See Klein v. SZJ, Ltd.*, 2019 U.S. Dist. LEXIS 361, *5 (D. Minn. 2019) ("A plaintiff who pleads a violation of § 1692f(1) based on an action not 'permitted by law' must necessarily plead that another law, not the FDCPA, was violated."); *see also Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 696 (8th Cir. 2017) ("Letters attempting to collect money not permitted by law are 'a violation of the plain language of section 1692f(1).'") (quoting *Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000)).

56. In addition, the false and misleading statement in FVP's Summons (that Plaintiff *must* send her response to the complaint across state lines) violated 15 U.S.C. §§ 1692e(5) and 1692e(10).

57. The false, misleading, and confusing statements in FVP's Complaint – regarding the account number of the alleged debt, the holder of the alleged debt, and the supposed assignment of the alleged debt directly from Barclay's Bank Delaware to FPV, violated 15 U.S.C. § 1692e and 1692e(10).

58. The false, misleading, and confusing statements in FVP's proposed Findings of Fact and Judgment documents – regarding the proper service of the Summons and Complaint under Minnesota law, violated 15 U.S.C. §§ 1692f(1), 1692e and 1692e(10).

59. The false, misleading, and confusing statement in the Affidavit of Merit filed by FPV regarding Ms. Hyland's supposed Barclay's Bank Delaware account ending in 5506 violated 15 U.S.C. §§ 1692f(1), 1692e and 1692e(10).

60. Finally, the pursuit of debt collection litigation despite not having the required license under *See* Minn. Stat. § 332.33, and the pursuit of collection litigation despite not having standing to sue on the debt, violated 15 U.S.C. § 1692f(1).

61.     Ms. Hyland suffered real and concrete harm as a direct result of these violations, including improper entry of a substantial money judgment against her.

62.     Defendant's state court collection litigation resulting from filing the defective summons and obtaining a default judgment caused expense, stress, and an unnecessary commitment of Ms. Hyland's time.

63.     In addition, the false and misleading statements caused Ms. Hyland an informational injury as it misled her with regard to the rules governing her response to the claim against her.

64.     FPV's conduct described herein caused particularized and concrete harm to Ms. Hyland.  Ms. Hyland's statutory rights to truthful, non-misleading, non-oppressive, non-unconscionable communications and tactics in debt collection efforts were violated.

65.     FPV's violations of the FDCPA denied Ms. Hyland access to truthful information, which is a concrete form of informational injury under Article III, and the denial of that information on its own is sufficiently concrete.  *See Church v. Accretive Health, Inc.*, 2016 WL 3611543 (11th Cir. 2016); *Demarais v. RAzOR Capital, LLC*, 869 F.3d 685 (8th Cir. 2017).

66. FPV's violations of the FDCPA illustrate the risk of tangible harm from debt-collector misrepresentations and other misconduct, which is an increased risk of harm that itself supports standing here.

67. FPV's actions caused an injury that is personal to Ms. Hyland, and is not a nonjusticiable generalized grievance.

## TRIAL BY JURY

68. Ms. Hyland is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

## (VIOLATION OF THE FDCPA)

69. Ms. Hyland incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

70. The foregoing acts and omissions by FPV constitute multiple violations of the FDCPA.

71. Specifically, FPV violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f(1).

72. As a result of these violations, Ms. Hyland has suffered concrete and particularized harm, including depriving her of her rights granted by Congress through the FDCPA (for example, the right to accurate representations in connection with debt collection activities).

73. As a result of FPV's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

    a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b. For an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. For an award of costs of litigation including reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. For such further and other relief as may be just and proper.

DATED: September 13, 2021

By:   /s Darren B. Schwiebert
Darren Brayer Schwiebert (#260642)
Debtlawsuitrelief@gmail.com
DEBT LAWSUIT RELIEF, INC.
301 Fourth Avenue South, Suite 280N
Minneapolis, MN 55415
612.413.0577

John M. Buhta (#397184)
Southern Minnesota Regional Legal Services, Inc.
903 West Center Street, Suite 230
Rochester, MN 55902
Office: (507) 292-0080

Attorneys for Elizabeth Hyland

Debt Lawsuit Relief, Inc. is a 501(c)(3) non-profit organization.  The purpose of this corporation is providing relief to the poor and distressed by providing legal services to persons who were otherwise financially incapable of obtaining such services.

Southern Minnesota Regional Legal Services, Inc. (SMRLS) is a 501(c)(3) non-profit organization that provides legal help to low-income people in critical civil matters.

17